# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

RITA M. GLAVIN
PARTNER
(212) 574-1309
glavin@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

September 9, 2013

**BY FAX**

Honorable Victor Marrero
United States Courthouse
500 Pearl St.
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/13

Re:   United States v. Johnny Morgan, 12 Cr. 223 (VM)

Dear Judge Marrero:

      I write to respectfully request that the Court direct the Government to adhere to the agreement it made with the defense and with the Court last week, in which it agreed, without objection: (1) to produce to the defense by Friday September 6, 2013 the Bronx state grand jury minutes in connection with the above-reference matter, and (2) to produce to the defense the 3500 material in its possession by September 13, 2013, with the balance to be turned over on a rolling basis, to be completed by September 20, 2013.

      During the September 4, 2013 substitution-of-counsel/status conference, the Government agreed to make these productions without registering any objection. Nonetheless, on Friday afternoon September 6, the Government informed the defense that it would not produce the Bronx grand jury minutes as promised in Court. In addition, the Government informed the defense that it had "reconsidered its position" and did not intend to produce the 3500 material as agreed to in Court on September 4. This new position is entirely contrary to the Government's representations made to defense counsel when it agreed to take on this case as substitute counsel, just three and a half weeks before trial.

      The defense inquired on September 6 about the existence of information under Brady v. Maryland, 373 U.S. 83 (1963) in the 3500 material, and the Government informed defense counsel that it was aware of no Brady information in the materials. That is wrong. The defense has reason to believe that the Government possesses NYPD reports documenting interviews with witnesses who worked at the lounge where Mr. Morgan allegedly pulled a gun. In those interviews, defense counsel believes that witnesses denied seeing Mr. Morgan with a gun on February 20, 2012 and some witnesses indicated that the ID scanner at the lounge showed that Mr. Morgan was not present in the lounge on February 20, 2012 as charged in the federal criminal complaint. The fact that the Government does not view this information as Brady material, which the defense needs to investigate and follow-up on, demonstrates why the Government must adhere to the accelerated disclosure schedule that it agreed to.

Accordingly, the defense respectfully requests that the Court direct the Government to adhere to the disclosure schedule it agreed upon in Court during the September 4, 2013 status conference. Further, if the Government is indeed in possession of NYPD reports containing evidence that the defendant may not have been inside the lounge on February 20, 2012 (where he allegedly possessed a gun), then the Government should be directed to engage in "open file" discovery in this case because the Government has represented it is aware of no Brady material.

Respectfully submitted,

*Rita M. Glavin /es*

Rita M. Glavin

cc: Amy Garzon (AUSA)

---

The Government is directed to respond by 9-11-13 to the matters set forth above by defendant Johnny Morgan

SO ORDERED:
9-9-13
DATE    VICTOR MARRERO, U.S.D.J.