# SEWARD & KISSEL LLP

ONE BATTERY PARK PLAZA
NEW YORK, NEW YORK 10004

RITA M. GLAVIN
PARTNER
(212) 574-1309
glavin@sewkis.com

TELEPHONE: (212) 574-1200
FACSIMILE: (212) 480-8421
WWW.SEWKIS.COM

901 K STREET, NW
WASHINGTON, DC 20001
TELEPHONE: (202) 737-8833
FACSIMILE: (202) 737-5184

September 19, 2013

**BY E-MAIL**

Honorable Victor Marrero
United States Courthouse
500 Pearl St.
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/13
```

Re:    United States v. Johnny Morgan, 12 Cr. 223 (VM)

Dear Judge Marrero:

         I write in advance of tomorrow morning's status conference regarding defendant Johnny Morgan's request for a stay of execution of a search warrant for additional DNA testing. See Docket No. 34. As set forth in further detail below, Mr. Morgan respectfully requests that the Court quash the warrant because: (1) the search authorized by this warrant is unnecessary and unreasonable in light of a stipulation between the parties, (2) the affidavit in support of the warrant contains material misrepresentations and omissions, and (3) the timing of the warrant is highly prejudicial to Mr. Morgan, who will be unable to examine and analyze the results of the new DNA testing in advance of the September 30 trial.

## A.    Background

         By way of brief background, Mr. Morgan previously consented to a DNA swab shortly after his arrest on February 20, 2012. The swab was taken by Detective Sirin Ereifej and submitted to the Office of the Chief Medical Examiner ("OCME") for DNA analysis. On or about September 10, 2013, the government informed me that Detective Ereifej had retired from the New York City Police Department and moved to North Carolina.[1] The government further informed me that as a result, it had applied for a search warrant on September 9, in order to take a second DNA swab from Mr. Morgan.

         At the government's suggestion, the defense agreed to stipulate that Detective Ereifej took a DNA swab of Mr. Morgan with Mr. Morgan's consent, and that the swab was subsequently submitted to OCME for analysis. I received a copy of the government's proposed

---

[1]    The defense subsequently conducted its own investigation into Detective Ereifej and learned that he apparently purchased property in North Carolina in April 2012, and retired effective July 2012. It remains a mystery as to why the government waited until September 10, 2013 to raise the issue of Detective Ereifej's whereabouts.

stipulation on the evening of September 10, 2013. See Ex. A. At approximately 3:45pm on September 11, 2013, I informed the government that "[w]e ok on the stipulation. Just met with my client." See Ex. B. This should have resolved the issue.

Yet, at this morning's final pre-trial conference, the government handed me the attached letter (the "Ereifej Letter") regarding Detective Ereifej. See Ex. C. According to the Ereifej Letter, the government served Detective Ereifej with a federal trial subpoena on September 17, 2013. At approximately 10:00pm that same evening, the government learned, among other things, that Detective Ereifej stated that "he would not appear in the federal case [against defendant Johnny Morgan]; . . . that if he was forced to appear he would take the 5th." . . . ; that if called to testify he [Detective Ereifej] would tank the Government's case; [and] that he would tell the jury what he really knows." Ex. C. Notwithstanding the serious implications the information in the Ereifej Letter may have on the government's ability to meet its burden at trial (Detective Ereifej was the lead investigator in this case who did much more than simply take a swab of Mr. Morgan's DNA), the Ereifej Letter had no bearing on the prior stipulation agreed to by the parties. For the avoidance of doubt, however, I advised the government by email at approximately 12:52pm: "As we discussed earlier, I will stipulate that Detective Ereifej took the DNA swab from Mr. Morgan." See Ex. D.

No more than ten minutes later, at approximately 1p.m., I received a telephone call from the government, informing me that they had obtained a second search warrant from a U.S. Magistrate Judge (at approximately 12:53pm, see Ex. E) to forcibly obtain Mr. Morgan's DNA, and that they would be taking an additional DNA from my client's person within one hour, that this search would be done without my presence if I could not attend within the government's timeframe, and that the government would not consent to a stay of execution of the warrant. In light of the prior stipulation, the unreasonableness of this search and the government's proposed course of action, and the fact that Mr. Morgan is represented by counsel and I was unable to accompany him this afternoon,[2] I immediately called your Honor's chambers to seek a stay of execution of the warrant and then wrote to the Court requesting a stay.

**B.      Argument**

**1.      The Search is Unreasonable**

As a threshold matter, the warrant is plainly unnecessary in light of the parties' stipulation agreed to on September 11, 2013, which agreement was reaffirmed this morning. See Exs. A-C. It is apparent that the government is no longer interested in a stipulation because it does not want Detective Ereifej to have anything to do with this case. It would prefer instead to conduct **another search** and obtain **another DNA sample** from Mr. Morgan. But, this argument fails for several reasons.

First, the government's untimely request to conduct a search of my client in order to obtain additional DNA evidence from his body is entirely unreasonable where, as here, Mr. Morgan previously consented to such a search, was swabbed for DNA, and the parties stipulated

---

[2]      It is shocking that the government even considered taking a swab from Mr. Morgan – a represented party – without his counsel's presence. See N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.35 (a lawyer shall not "[c]ommunicate . . . with a party the lawyer knows to be represented by a lawyer").

to those facts. See Maryland v. King, 133 S. Ct. 1958, 1969 (U.S. 2013) ("The Fourth Amendment's proper function is to constrain, not against all intrusions as such, but against intrusions which are **not justified in the circumstances**, or which are made in an improper manner") (emphasis added). Moreover, Detective Ereifej is a part of this case whether the parties stipulate or not. He was the lead investigator assigned to this case on February 20, 2013 and he gathered evidence in the critical hours and days after Mr. Morgan's arrest. Most significantly, he interviewed several civilian witnesses, including witnesses who have admitted to changing their stories regarding the events of February 20, 2012 and who were unable to identify Mr. Morgan in a photo lineup. He also obtained video surveillance footage that the government intends to introduce at trial.

> **2.      The Warrant Should be Quashed Because the Government's Affidavit to Magistrate Judge Peck Contained Misrepresentations and Omissions of Material Facts**

The warrant should also be quashed in light of the government's seemingly deliberate misrepresentations and omissions of material facts in the affidavit hastily presented to Magistrate Judge Peck in support of their request for a warrant. Indeed, the affidavit does not even mention that the parties had a stipulation on Mr. Morgan's DNA as of September 10 and that the parties confirmed this stipulation right after the final pretrial conference on September 19. Instead, the affidavit (which was put together immediately after the parties confirmed this stipulation) told Judge Peck that the government did not obtain a DNA sample from Mr. Morgan in connection with the September 9 warrant "because at the time it appeared that it was unnecessary to do so." Aff. in Support of Warrant, ¶ 8. It is still unnecessary, and it is unreasonable.

In addition, the affidavit materially misrepresents the need for this evidence, claiming that the swab is necessary "[t]o ensure that evidence is available at trail [sic]." Aff. in Support of Warrant, ¶ 8. This is false. By virtue of the stipulation, the evidence was already available.

Finally, the affidavit omits any reference to the fact the government has in fact subpoenaed Detective Ereifej to appear at trial, and he must, as a matter of law, appear at trial. The affiant instead swears that Detective Ereifej "may not be able to testify at trial in this case." Aff. in Support of Warrant, ¶ 7. In light of all of these material omissions and half-truths, which certainly misled Judge Peck regarding the reasonableness of a search of Mr. Morgan's person in these circumstances, the warrant should be quashed.

> **3.      Any New DNA Testing is Highly Prejudicial to Mr. Morgan**

Finally, the timing of the warrant for the purpose of doing more DNA testing for more evidence is highly prejudicial to Mr. Morgan. As the Court is aware, this case is scheduled to go to trial in 10 days – September 30. At the earliest, the government will obtain a DNA sample from Mr. Morgan on Friday, September 20. The swab would then need to be sent to OCME for processing and analysis, and the defense will need an opportunity to review and analyze the results with its DNA expert. And, to make matters worse, this unduly prejudicial time frame was created entirely as a result of the government's inaction. Indeed, the government

To    Page 5 of 5                2013-09-20 03:29:36 (GMT)              Seward & Kissel LLP   From: Berrios, Elisa

Case 1:12-cr-00223-GHW   Document 39   Filed 09/25/13   Page 4 of 17

could have acted as early as July of last year when Detective Ereifej retired.  But it instead
waited until September 9, 2013 to obtain a search warrant of Mr. Morgan to obtain DNA.  Then,
rather than proceed with that warrant, the government purported to stipulate on the issue only to
retract its agreement and made a second application only eleven days before trial.  This is simply
unacceptable.

Accordingly, Mr. Morgan respectfully requests that the Court quash the search
warrant.

Respectfully submitted,

Rita M. Glavin

cc: Amy Garzon (AUSA)

The Clerk of Court is directed to enter into the public record
of this action the letter above submitted to the Court by
defendant Johnny Morgan.
SO ORDERED.

9-20-13
DATE                    VICTOR MARRERO, U.S.D.J.

Exhibit A

## Glavin, Rita

| | |
|---|---|
| **From:** | Garzon, Amy (USANYS) [Amy.Garzon@usdoj.gov] |
| **Sent:** | Tuesday, September 10, 2013 8:30 PM |
| **To:** | Glavin, Rita |
| **Subject:** | RE: DNA swab stip |

**Attachments:** DNA Stip (Ereifej).pdf

Attached is the revised stip.  FYI – I ordered Morgan for Thursday at 2pm in the event he does not agree.

**From:** Glavin, Rita [mailto:glavin@sewkis.com]
**Sent:** Tuesday, September 10, 2013 7:28 PM
**To:** Garzon, Amy (USANYS)
**Subject:** RE: DNA swab stip

Hi Amy,
I do not think we will stip on Perdomo.  So can you tailor this stip to Det Sirin Ereifej.  Also, for that stip, can you add that he swabbed Mr. Morgan once mr. Morgan gave written consent.

**From:** Garzon, Amy (USANYS) [mailto:Amy.Garzon@usdoj.gov]
**Sent:** Tuesday, September 10, 2013 7:25 PM
**To:** Glavin, Rita
**Subject:** RE: DNA swab stip

Rita,

See the proposed stip attached.

Amy

**From:** Glavin, Rita [mailto:glavin@sewkis.com]
**Sent:** Tuesday, September 10, 2013 1:30 PM
**To:** Garzon, Amy (USANYS)
**Subject:** DNA swab stip

Amy,
Send it to me when you can, I am inclined to stip.

| | |
|---|---|
| **Rita M. Glavin**<br>*Partner*<br><br>Tel: (212) 574-1309<br>Email: glavin@sewkis.com | **SEWARD & KISSEL LLP**<br>One Battery Park Plaza<br>New York, NY 10004<br>Fax: (212) 901-2110<br>Web: www.sewkis.com |

**Confidentiality Notice:** This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. If you have received this e-mail in error, please notify Seward & Kissel LLP by return e-mail and destroy the original message and all copies thereof.

**Circular 230 Notice:** To ensure compliance with Treasury regulations regarding practice before the IRS, we inform you that, unless expressly stated otherwise, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under United States federal tax law, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

9/19/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                    :

       - v. -                               :        STIPULATION

JOHNNY MORGAN,                              :        12 Cr. 223 (VM)

         Defendant.                    :

- - - - - - - - - - - - - - - - - - x

      IT IS HEREBY STIPULATED AND AGREED by and between the United States of America, by PREET BHARARA, United States Attorney for the Southern District of New York, Amy Garzon, Assistant United States Attorney, of counsel, and JOHNNY MORGAN, the defendant, by and with the consent of his attorney, Rita M. Glavin, Esq., that:

      1.   Police Officer Sirin Ereifej was a Police Officer with the New York City Police Department ("NYPD"), and it was a part of his duties to collect evidence of crimes or suspected crimes, including evidence that is collected for submission to the Office of the Chief Medical Examiner ("OCME") for testing for the presence of human DNA.

      2.   On or about February 20, 2012, Officer Ereifej swabbed the mouth of JOHNNY MORGAN, the defendant, after Mr. MORGAN provided consent (the "Morgan Swab").

1

3.    Officer Ereifej had the Morgan Swab submitted to OCME for DNA analysis under Voucher No. 2000073330.  A true and correct copy of Invoice Number 2000073330 is marked as Government Exhibit ____.

IT IS FURTHER STIPULATED AND AGREED that this stipulation and Government Exhibits 1 and ___ may be received in evidence as Government exhibits at trial.

Dated: New York, New York

PREET BHARARA
United States Attorney for the
Southern District of New York

September __, 2013    By: _____
                          AMY GARZON
                          Assistant United States Attorney

September __, 2013    By: _____
                          RITA M. GLAVIN, ESQ.
                          Attorney for Defendant Johnny Morgan

# Exhibit B

**Glavin, Rita**

| | |
|---|---|
| **From:** | Garzon, Amy (USANYS) [Amy.Garzon@usdoj.gov] |
| **Sent:** | Wednesday, September 11, 2013 4:25 PM |
| **To:** | Glavin, Rita |

**Subject:** RE: Johnny Morgan

Great. Based on your agreement to stipulate regarding the DNA swabbing of your client, we will not produce him to be re-swabbed tomorrow.

**From:** Glavin, Rita [mailto:glavin@sewkis.com]
**Sent:** Wednesday, September 11, 2013 3:45 PM
**To:** Garzon, Amy (USANYS)
**Subject:** RE: Johnny Morgan

No need. We are ok on the stipulation. Just met with my client.

-----Original Message-----
**From:** Garzon, Amy (USANYS) [Amy.Garzon@usdoj.gov]
**Sent:** Wednesday, September 11, 2013 02:23 PM Eastern Standard Time
**To:** Glavin, Rita
**Subject:** RE: Johnny Morgan

They were able to process it, so he should be there at 10 (that's when they start pulling prisoners from the cell block).  I will try and get an agent over there to pull him for you.  Also, there are no conference rooms available for that time, so we will have to scrounge for one.

**From:** Glavin, Rita [mailto:glavin@sewkis.com]
**Sent:** Wednesday, September 11, 2013 1:11 PM
**To:** Garzon, Amy (USANYS)
**Subject:** Johnny Morgan

Amy,
Can you order him for tomorrow at 9am at 500 Pearl so I can meet with him?

**Rita M. Glavin**
*Partner*

Tel: (212) 574-1309
Email: glavin@sewkis.com

**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, NY 10004
Fax: (212) 901-2110
Web: www.sewkis.com

**Confidentiality Notice:** This e-mail is intended only for the person or entity to which it is addressed and may contain information that is privileged, confidential or otherwise protected from disclosure. If you have received this e-mail in error, please notify Seward & Kissel LLP by return e-mail and destroy the original message and all copies thereof.

**Circular 230 Notice:** To ensure compliance with Treasury regulations regarding practice before the IRS, we inform you that, unless expressly stated otherwise, any federal tax advice contained in this communication was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (i) avoiding penalties that may be imposed on the taxpayer under United States federal tax law, or (ii) promoting, marketing or recommending to another party any tax-related matters addressed herein.

9/19/2013

# Exhibit C



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

September 19, 2013

<u>BY EMAIL</u>

Rita M. Glavin, Esq.
Seward & Kissell LLP
One Battery Park Plaza
New York, NY 10004

Re:    <u>United States</u> v. <u>Johnny Morgan</u>,
       12 Cr. 223 (VM)

Dear Ms. Glavin:

        The Government writes to provide you with information regarding an expected Government witness at trial. As we discussed, the Government has been making efforts to secure the attendance and testimony of retired New York City Police Department ("NYPD") Detective Sirin Ereifej at trial. On September 17, 2013, Detective Ereifej was served with a federal trial subpoena.

        At approximately 10:00 p.m. on September 17, 2013, the Government learned that earlier the same evening, Detective Ereifej contacted a Bronx Assistant District Attorney ("ADA"), Hilary Chernin. ADA Chernin is seeking Detective Ereifej's testimony in connection with a separate state prosecution. According to ADA Chernin, Detective Ereifej said the following, in substance:

        Detective Ereifej said that he would not appear in the federal case [against defendant Johnny Morgan]; that he had not been shown adequate respect by the Government; that if he was forced to appear he would take the 5th, and how would it look if he said nothing at trial; that the defendant was a known presence in the precinct because he was arrested several times and was a repeat offender, who had been linked to murder cases in the past, and that the Government was charging him in this case [the federal case] because of everything he had done in the past and gotten away with; that if called to testify, he [Detective Ereifej] would tank the Government's case; that he would tell the jury what he really knows; that he would name politicians because in this case, it is a political thing; and that he [Detective Ereifej] would not appear in the Bronx state matter unless ADA Chernin obtained a signed letter from the U.S. Attorney's Office confirming that no one connected with the federal case would appear when he was testifying in the Bronx to secure his testimony in the federal case.

Rita M. Glavin, Esq.
September 19, 2013
Page 2 of 2


       If you have any questions about this information, please contact me at the number below.

                             Very truly yours,

                             PREET BHARARA
                             United States Attorney

By: _____
                             Amy Garzon/Joan Loughnane
                             Assistant United States Attorneys
                             Southern District of New York
                             (212) 637-2431/2265

Exhibit D

**Glavin, Rita**

| | |
|---|---|
| **From:** | Glavin, Rita |
| **Sent:** | Thursday, September 19, 2013 12:52 PM |
| **To:** | 'Garzon, Amy (USANYS)' |
| **Cc:** | 'Loughnane, Joan (USANYS)'; Driscoll, David |
| **Subject:** | Detective Sirin Ereifej |

Amy and Joan:
As we discussed earlier, I will stipulate that Detective Ereifej took the DNA swab from Mr. Morgan.

That said, in light of your letter today, the defense wants Det. Ereifej to be present at trial so please do not release him from the subpoena served on him on Sept. 17.  In addition, the defense wants ADA Hilary Chernin to be available as a witness for the defense case-in-chief.  Can you please let her know and provide me with her phone number?

Thank you.

Rita

1

# Exhibit E

ORIGINAL

AO 93  (Rev. 01/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the
Southern District of New York

**13 MAG 2261**

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )    Case No. |
| | ) |
| DNA Samples To Be Obtained by Oral Swabbing from | ) |
| Johnny Morgan | ) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Southern _____ District of _____ New York _____ *(identify the person or describe the property to be searched and give its location)*:

PERSON KNOWN AND DESCRIBED AS JOHNNY MORGAN.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

DNA SAMPLES TO BE OBTAINED BY ORAL SWABBING AS SET FORTH IN ATTACHMENT A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____ September 29, 2013 _____
                                                                       *(not to exceed 10 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the Clerk of the Court.
    ☐ Upon its return, this warrant and inventory should be filed under seal by the Clerk of the Court. _____
                                                                                         *USMJ Initials*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                                                 ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:     9/19/2013 9:00 am _____           _____
                          12:53 PM                                 *Judge's signature*

City and state:     New York, NY _____           _____
                                              Magistrate Henry Pitman
                                               *Printed name and title*

JM004555