**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 23, 2014

**BY ECF**

The Honorable Gregory H. Woods
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Woods:

      The Government files this letter brief to seek a pretrial ruling with respect to one evidentiary issue.  As explained below, the Government requests that this Court rule that the Government be permitted to elicit briefly from police officer witnesses that they were responding to a 911-caller's report of a man with a gun when they arrived at the scene where they encountered the defendant on the morning of February 20, 2012.  As explained below, a brief explanation by the officers of the reason why they were dispatched to the scene – because of a report of a man with a gun – is essential to explain why the officers behaved as they did when they arrived.  Although the officers' explanation of why they were dispatched would be hearsay if offered for its truth (i.e., to prove that there was a man with gun at the scene), it is not hearsay when offered merely to explain the officers' conduct, and could be accompanied by a strict limiting instruction that it is not offered for its truth.

**Discussion**

      During the parties' September 2013 trial, the Government introduced three recorded conversations between a 911 dispatcher and caller named Heriberto Santa.  *See* Sept. 2013 Tr. 228.  In the first of these recordings, Mr. Santa reported seeing an African American man in a dark jacket holding a firearm.  In the second and third of these records, the 911 dispatcher called Mr. Santa back and asked Mr. Santa to meet with police officers (which Mr. Santa refused to do).  Judge Marrero held that the recording of the first call was admissible pursuant to the hearsay exception for excited utterances.  *See id.* at 14.  The defendant subsequently agreed that the second and third conversations were admissible.  *See id.* (noting "for the record … an agreement with defense counsel that these calls are admissible").

      During the first trial, the defense also asked the Court to allow cross-examination of Mr. Santa on the basis of a racially insensitive statement he is alleged to have made several years earlier in an unrelated proceeding.  Mr. Santa had been the victim of a violent crime and had misidentified his assailant in the prosecution of that crime.  When Mr. Santa told the

prosecutor that he may have initially identified the wrong assailant, Mr. Santa is reported to have made a statement to the effect that all African-Americans looked the same to him. Judge Marrero initially allowed cross-examination of Mr. Santa on the basis of this statement, but the issue was later mooted when the Government asked the Court to revisit its ruling during trial, and the defense responded, "I don't think we're going to pursue it, so I think the issue is moot." *Id.* at 277. The Government continues to believe that cross-examination on this statement would be improper since it is unduly prejudicial and irrelevant to Mr. Santa's ability to observe a man holding a firearm.

The defense has recently suggested that it intends to both challenge the admissibility of the second and third 911 recordings and seek to cross-examine Mr. Santa on the basis of the aforementioned comment (or at least introduce that statement to impeach his credibility). The defense filed a letter motion seeking to exclude the second and third tapes as hearsay on February 23, 2014. The Court, however, never ruled on this motion because, the following day, the Government agreed to forfeit that evidence at trial. *See* Feb. 24, 2014 Tr. 3.

In light of the confusion as to the admissibility of the three recorded calls and Mr. Santa's statement to the effect that all African-Americans look the same to him, the Government no longer intends to introduce the aforementioned 911 recordings. The Government requests a ruling, however, confirming that it is still allowed to question law enforcement witnesses as to whether they were responding to a report of a man with a gun when they arrived at the area where the defendant was ultimately encountered and arrested. This evidence would not be hearsay because it would not be offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c)(2) (defining hearsay as a statement by an out-of-court party "offer[ed] in evidence to prove the truth of the matter asserted in the statement"). It would instead be offered to show why the police went to the location the 911 caller had specified, and why the police were specifically looking for a firearm when they encountered the defendant and saw him make a throwing motion.

The statement that the Government would elicit, and the reasons for its admission, is precisely the same as was expressly approved by the Second Circuit in *United States* v. *Gilliam*, 994 F.2d 97 (2d Cir. 1993). In that case, the Government elicited from a police officer witness, over the defendant's objection, the fact that he had returned to a particular location because "a second call had come in complaining that the police had missed a second gun." *Id*. at 103. The Second Circuit found this was permissible, explaining, "Officer Dempsey was clearly relating the anonymous caller's statement to explain why officers returned to the scene and eventually seized Bailey. His testimony was neither offered nor admitted to prove the fact that there was a second gun, and was therefore nonhearsay." *Id*. The Court also noted that the district court had made the limited use of the evidence clear. *Id*. ("The district court in this case specifically admitted the statement by the anonymous caller to establish the reasons for the return of the officers to the scene, not to prove the truth of the caller's reference to the second gun."); *see also United States* v. *Hoffer*, 869 F.2d 123, 126 (2d Cir. 1989) (finding statement not hearsay where "offered simply to show how the police came to arrive at the scene").

Accordingly, just as in *Gilliam*, the Government respectfully submits that it should be permitted to elicit from its police officer witnesses, with a simultaneous limiting

instruction, that they were responding to a report of a man with a gun when they arrived at the scene where the defendant was encountered.

>Very truly yours,
>
>PREET BHARARA
>United States Attorney
>
>by: /s/ Sidhardha Kamaraju
>Sidhardha Kamaraju
>Robert Allen
>Assistant United States Attorneys
>(212) 637-6523/2216